**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS BONDURANT,<br><br>    Plaintiff,<br><br>    v.<br><br>K. KANNON,<br><br>    Defendant. | Case No. 1:11-cv-01725-DLB PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND**<br><br>**ECF No. 1**<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.   Background**

Plaintiff Travis Bondurant ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On October 17, 2011, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Complaint

Plaintiff was previously incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names as Defendant K. Kannon.

Plaintiff alleges that since October 21, 2010, Plaintiff has submitted inmate law library requests at CCI so that he may meet deadlines set by district courts, in order to use and learn from the legal materials. Every week from October 21, 2010 until June 11, 2011, Plaintiff submitted a request as a PLU (priority legal user) inmate, but did not receive two hours of law library use per week. Plaintiff submitted the PLU requests on several occasions when he received a court deadline and never received an answer. Plaintiff contends that he was not able to state a claim properly as a result. Plaintiff cites his pending cases as *Bondurant v. Gonzalez*, 1:11-cv-00159-GBC (PC) in the Eastern District of California and *Bondurant v. Gonzalez*, 3:10-cv-01945-AJB JMA (HC) in the Southern District of California.[1]

Plaintiff requests as relief nominal, compensatory, and punitive damages, and costs of suit.

## III.  Analysis

Inmates have a fundamental right of access to the courts regarding legal assistance. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the

---

[1] The Court takes judicial notice of these federal cases. Plaintiff's civil rights action in the Eastern District of California was dismissed with prejudice for failure to state a claim on April 23, 2012. Plaintiff's habeas action was dismissed on August 9, 2011.

frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).  For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit.  *Id.* at 413-14.

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court.  *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351.  The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 784-85 (9th Cir. 2000).  Finally, the third element requires that plaintiff show he has no other remedy than the relief available via this suit for denial of access to the courts. *Harbury*, 536 U.S. at 415.  The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a).  *Id.* at 417-18.

Plaintiff fails to state a claim regarding access to the courts.  First, Plaintiff fails to allege facts that demonstrate Defendant Kannon violated Plaintiff's constitutional rights.  Plaintiff makes no allegations regarding Defendant Kannon's conduct.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Second, Plaintiff fails to allege facts which demonstrate that he was actually denied access.  While Plaintiff alleges that he did not receive PLU status, Plaintiff does not allege that he was denied all access to legal materials or assistance.  *See Lewis*, 518 U.S. at 362 (holding that delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests.").  Third, Plaintiff fails to allege facts demonstrating that his underlying claims were nonfrivolous or arguable claims.

**IV.    Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies

identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to serve and file a first amended complaint within **thirty (30) days** from the date of service of this order; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 24, 2012**                        /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE